J-S77029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                              :

                    v.                            :

OMAR RICHARDSON                 :

                Appellant        :    No. 1857 EDA 2018

Appeal from the PCRA Order Entered June 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0109031-2000

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                   **FILED MAY 03, 2019**

Appellant, Omar Richardson, appeals *pro se* from the June 5, 2018 Order dismissing as untimely his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On March 13, 2001, a jury convicted Appellant of First-Degree Murder, Possessing Instruments of Crime, and Criminal Conspiracy for the shooting death of Jose McDuffy on September 11, 1999.[1]  On May 18, 2001, the trial court imposed a sentence of life imprisonment for First-Degree Murder followed by an aggregate term of 15 to 30 years' incarceration for the other convictions.  On October 16, 2002, this Court affirmed Appellant's Judgment of Sentence, and on September 16, 2003, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  ***See Commonwealth v.***

---

[1] Appellant's date of birth is January 2, 1979 and Appellant was 20 years old when he committed the crime.

---

*   Retired Senior Judge assigned to the Superior Court.

*Richardson*, 815 A.2d 1130 (Pa. Super. 2002) (unpublished memorandum), *appeal denied,* 833 A.2d 142 (Pa. 2003). Appellant did not seek review by the United States Supreme Court. Appellant's Judgement of Sentence, therefore, became final on December 15, 2003. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

On March 25, 2016, more than twelve years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his second, raising a claim that his sentence is illegal under *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016)[2], and *Alleyne v. United States*, 570 U.S. 99 (2013).[3] On April 3, 2018, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. Appellant filed a timely *pro se* Response raising an additional claim that his sentence is illegal under *Miller v. Alabama*, 567 U.S. 460 (2012).[4] On June 5, 2018, after considering Appellant's Response, the PCRA court dismissed Appellant's Petition as untimely. This *pro se* appeal followed.

---

[2] In *Montgomery*, the U.S. Supreme Court held that its decision in *Miller, infra,* applies retroactively. *Montgomery*, 136 S.Ct. at 732.

[3] In *Alleyne,* the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne*, 570 U.S. at 112-13.

[4] In *Miller*, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. *Miller*, 567 U.S. at 470.

Appellant raises the following issues on appeal:

1. **Newly Recognized Right**: Whether the United States Supreme Court case ***Montgomery v. Louisiana***, [***supra***]*,* has rendered a new executive decision that applies to all case[s] of substantive rules of constitutional law, thereby, making it "constitutionally" permissible, by due process of law, for a defendant to raise said claim where application applies under U.S.C.A. 5th, 8th, and 14th.

2. **Alleyne Claim being Retroactively Applicable as a Substantive Rule:** Whether the ruling within ***Montgomery,*** [***supra***]*,* gives ***retroactive effect*** to the ***Alleyne***, [***supra***], case when involving new watershed procedural rules and substantive rules of constitutional law of which applies to a defendant.

3. **Disproportionate Punishment for Youth Offenders Under 25 Yrs. Old**: Whether according to ***Montgomery v. Lousiana****,* [***supra***], citing ***Miller v. Alabama***, [***supra***], [Appellant]'s sentence is a disproportionate punishment as a mandatory life-without-parole for a youth homicide offender, though not a juvenile, violates the Eighth Amendment's (U.S.C.A. 8) prohibition on ["]cruel and unusual punishment" for the undisputable reasoning of a youth offender between the age of 18 to 25 suffering from the same or similar irresponsible characteristics and immature traits as those described in association with juvenile offenders.

4. **Entitlement To Equal Protection Rights Must Award Similarly Situated Defendants Under U.S.C.A. 8**: The scientific research that supported the decision in ***Montgomery v. Louisiana***, [***supra***], to make ***Miller v. Alabama***, [***supra***], retroactive, definitely concluded that such scientific/medical research substantiating transient immaturity that diminishes culpability extends to the age of 25, thereby, entitling a defendant who was under the age of 25 when committing homicide of the first or second degree to the ***Equal Protection Rights*** governed under ***U.S.C.A. 14*** and ***Article 7 of the Universal Declaration of Human Rights*** as well as ***Due Process*** under ***U.S.C.A. 5*** as a defendant in this regard is similarly situated to that of a juvenile concerning immaturity research and should therefore be awarded the "*same*" treatment as a juvenile offender.

Appellant's Brief at 3-4 (numbered for ease of disposition).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. **See** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than twelve years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).[5]

---

[5] Effective December 24, 2018, Section 9545(b)(2) now provides that "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his sentence is illegal based on newly recognized constitutional rights under both *Alleyne* and *Miller,* which, he argues, are both retroactive in their application pursuant to *Montgomery.* *See* Appellant's Brief at 3-4; 42 Pa.C.S. § 9545(b)(1)(iii).

As long as this court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Appellant filed the instant PCRA Petition on March 25, 2016, which was within 60 days of the issuance of the *Montgomery* decision (decided January 25, 2016).

To support his *Alleyne* challenge, Appellant erroneously argues that *Alleyne* announced a new substantive rule made retroactive by *Montgomery*. However, the Pennsylvania Supreme Court has concluded that the constitutional rule announced in *Alleyne* is procedural, not substantive, and unequivocally held that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 818-20 (Pa. 2016). Accordingly, Appellant's reliance on *Montgomery*

is misplaced and his *Alleyne* claim does not fall under the Section § 9545(b)(1)(iii) timeliness exceptions.

Appellant's *Miller* claim also fails. Appellant correctly asserts that the holding in *Montgomery* is that the rule announced in *Miller*, *supra*, holding juveniles cannot automatically be sentenced to life in prison without parole, is substantive for purposes of retroactivity. However, because Appellant was 20 years old at the time he committed the instant murder, *Miller* is inapplicable. *See Commonwealth v. Lee*, ____ A.3d ____, 2019 PA Super 64, *9 (filed March 1, 2019) (*en banc*) (holding that appellant, who was over the age of 18 at the time of offense, could not invoke *Miller* to overcome the PCRA time-bar); *Commonwealth v. Lawson*, 90 A.3d 1, 6 (Pa. Super. 2014) (stating that the holding in *Miller* is limited to those offenders who were juveniles at the time they committed their crimes). Further, this Court has previously refused to render relief on the brain science argument that Appellant raises in his PCRA Petition. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes).

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA

court's findings and its Order is free of legal error.  We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/19